# DB LAW

DiSabato & Bouckenooghe LLC
4 Hilltop Road
Mendham, New Jersey 07945

PHONE: 973.813.2525 | FAX: 973.900.8445 | WWW.DISABATOLAW.COM

March 24, 2017

**VIA ECF**

Hon. Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of New Jersey
M.L.K. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: **Rait v. Enterprise Holdings, Inc., et al.**
    **Civil Action No. 2:16-cv-8138 (MCA)(MAH)**

Dear Magistrate Hammer:

  We represent Plaintiff Mitchell Rait in the above matter. We write to seek Your Honor's assistance with an issue that has arisen in connection with the parties' briefing of Defendants' motions to dismiss. Specifically, we seek a conference call with Your Honor to address a threat of Rule 11 sanctions that Defendant Enterprise's counsel made by letter dated March 22, 2017 (annexed hereto as "Exhibit A").

  We believe that counsel's letter is unfounded and unwarranted, but we do not take counsel's threats lightly. Counsel's letter identifies three areas with which he takes issue:

  <u>First</u>, in Section 1 of his letter, counsel states that we have "mislead the Court" into believing that certain proofs were "made available to counsel." Counsel is referring to the following footnote in Plaintiff's brief, at ECF No. 28, p. 4, n.1:

> Defendant ELRAC asserts in their Brief in Support of ELRAC's Motion to Dismiss that "Plaintiff did not submit any such proof of payment and, instead, Plaintiff filed a Class Action Complaint." (Def. Br. at p. 8). As is clear on the face of the Complaint, Plaintiff has adequately alleged that he submitted proof of payment via facsimile on September 4, 2015. (Am. Compl. at ¶ 34). Plaintiff also retained the proof of facsimile transmission. (Id.)
>   In fact, by letter dated December 22, 2016, *all* of Mr. Rait's supporting evidence was made available to ELRAC's counsel, including proof that Mr. Rait's EZ Pass

>was charged for the toll at issue; that Enterprise assessed a $27.00 charge for the same toll; that he had contacted Enterprise and faxed proof of his EZ Pass payment to Enterprise (fax confirmations); that he was told "this happens all the time"; and that he did not receive the refund to which he was entitled. Yet, despite Mr. Rait's clear allegations *and* the offer of his supporting proofs, counsel seems intent on arguing that the Court should adopt ELRAC's alternative facts.

The above statements are, of course, entirely factually accurate. On December 22, 2016, as part of an ongoing pre-motion discussion, we made all of the above referenced proofs available to Defendant's counsel for review through a letter of that same date (annexed hereto (redacted pursuant to Rule 408) as "Exhibit B"). That Defendant's counsel never responded to that letter does not change the simple and incontrovertible fact that those proofs were "offered" and "made available" to him, just as is stated in the above footnote. Even well before our December 22, 2016 letter, we offered on multiple occasions – both verbally and in writing – to informally exchange discovery with Defendant's counsel so that he could better assess the claims. Each time, however, counsel declined to participate in an exchange.

Second, in Section 2 of his letter, counsel accuses us of making a "false allegation" that Plaintiff was "double-billed" for the toll charge at issue in this case. In general terms, the very basis of Plaintiff's claims is the factually supported allegation that he was billed *twice* for the same toll. Specifically, on August 16, 2015 at 12:56 p.m., Plaintiff drove an Enterprise rental car through the Holland Tunnel and paid the toll using his personal E-ZPass. (ECF No. 17, Am. Complaint, at ¶ 28). A toll in the amount of $11.75 was charged to Plaintiff's E-ZPass account for this trip. His E-ZPass statement confirms that the toll was paid as described, and was debited from his account. (Id. at ¶ 29). However, by letter dated August 28, 2015, Plaintiff was incorrectly advised by Enterprise that the rental car used by Plaintiff passed through the Holland Tunnel toll on August 16, 2015 *without* paying the toll. (Id. at ¶ 31). The letter further stated Enterprise was immediately charging Plaintiff's credit card $14.00 for the already-paid toll, *plus* a $13.00 administrative fee. (Id. at ¶¶ 32-33). Although Plaintiff sought a refund and provided proof that he had already paid the toll, Defendants did not refund his $27.00. (Id. at ¶ 37).

Thus, Defendants' act of billing again for that which had already been paid constitutes "double-billing." We cannot see any good-faith basis for threatening Rule 11 sanctions in connection with our characterization of the demonstrably true facts alleged.

Third, in Section 3 of his letter, counsel accuses us of making false and misleading statements and "suggestions" about our client – a well respected practicing attorney – and an unrelated lawsuit dating back almost nine years in which Plaintiff's wife was a party. Evidently, counsel is referring to the following footnote in Plaintiff's brief, at ECF No. 28, p. 6, n.4:

> ELRAC's counsel go to great length to point out that Plaintiff Rait is an attorney in the State of New Jersey, as well as the fact that Mr. Rait's wife was a plaintiff in a consumer lawsuit filed against Sears in 2009. (ECF No. 20, ELRAC Br. at p. 3, 20-21). ELRAC's counsel represented Sears in that matter. The fact that Mr. Rait's wife was involved in an entirely unrelated lawsuit seven years ago is wholly irrelevant to the instant matter, and we would ask the Court to disregard counsel's attempts to casts aspersions on Mr. Rait, who is a very well respected member of the bar.

Again, each fact in the above footnote is, of course, entirely true. Counsel's threat of sanctions in connection with this footnote is baseless. We simply cannot fathom how these statements could possibly inspire a Rule 11 threat.

\* \* \*

We call Your Honor's attention to counsel's March 22, 2017 letter because it lodges serious accusations, and does so without any reasonable support or justification. The threat of Rule 11 sanctions should not be used as a vehicle to attempt to intimidate and coerce Plaintiff and Plaintiff's counsel – a practice that, we submit, should not be condoned by the Court. Therefore, we respectfully request that the Court schedule a conference call with all counsel to address these issues.

Respectfully submitted,

/s/ Lisa R. Bouckenooghe

Lisa R. Bouckenooghe

Enclosures
cc:   All Counsel of Record (via ECF)

# EXHIBIT A



## McCARTER & ENGLISH
### ATTORNEYS AT LAW

March 22, 2017

VIA EMAIL AND REGULAR MAIL

Lisa R. Bouckenooghe, Esq.
DiSabato & Bouckenooghe LLC
4 Hilltop Road
Mendham, NJ 07945

Re: Rait v. Enterprise Holdings, Inc., et al
   Civil Action No. 2:16-cv-8138-MCA-MAH

**Edward J. Fanning, Jr.**
Partner
T. 973-639-7927
F. 973-297-3868
efanning@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

Dear Ms. Bouckenooghe:

As you know, this firm represents defendant ELRAC, LLC in the above referenced matter. The purpose of this letter is to provide notice, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, that ELRAC believes that certain factual allegations and other assertions in Plaintiff's Opposition to ELRAC's Motion to Dismiss [Dkt. #20] violate Rule 11.

As you are aware, Rule 11 requires that by presenting a pleading, written motion, or other paper to the Court, the attorney certifies that the allegations contained therein are warranted, have evidentiary support, and are not being presented for any improper purpose. As discussed in detail below, the statements contained in Plaintiff's Opposition are unwarranted, lack evidentiary support, and appear to be presented for the improper purpose of intending to mislead the Court. As such, ELRAC hereby provides notice under the Rule that you must withdraw or correct these statements immediately.

1. **Any Suggestion That You Provided ELRAC's Counsel with Proof of Payment or a Fax Confirmation is False.**

On page 4 of the Opposition, you state that you have "made available to ELRAC's counsel" proof that Mitchell Rait's personal EZ-Pass account was charged for the alleged toll that forms the basis of Plaintiff's Complaint. This is false. From the outset of this litigation we have repeatedly asked that you provide us with your client's proof of payment to EZ-Pass. Despite numerous requests, at no point have you made "any" supporting evidence available to us. Indeed, you have done the opposite and withheld it. To allege, as you do in your Opposition, that you have provided this proof of payment to us as part of your December 22, 2016 letter is false and misleading, and impugns our integrity.

Likewise, you falsely represent in the brief that you provided us with proof that this information was sent by Mitchell Rait to ELRAC. We have repeatedly asked for any fax confirmations or other documentation showing, as you contend in Plaintiff's

ME1 24433382v.3

Lisa R. Bouckenooghe, Esq.
March 22, 2017
Page 2

pleadings, that your client provided alleged proof of payment to our client. At no point have you provided any of this reported evidence. Yet you mislead the Court into believing that you did provide this to us by stating that this information was "made available" to ELRAC's counsel. This is incorrect and raises unwarranted questions regarding the veracity of our representations to the Court. Accordingly, we demand that you withdraw these misstatements or submit a correction to the Court regarding these inaccuracies immediately.

### 2. Assertions That ELRAC Has Somehow "Double-Billed" Your Client Are False and Misleading.

Second, you repeatedly contend in the Opposition, the Complaint, and Amended Complaint that ELRAC has engaged in a practice of "double-billing" against your client. This allegation is false and must be withdrawn. You and your client are both well aware that ELRAC does not charge tolls at the Holland Tunnel. ELRAC only billed your client <u>once</u> based on the fact that the Toll Authority advised ELRAC that your client failed to pay the toll at issue. Any other toll charge related to the alleged toll crossing at issue would have come from the Toll Authority, EZ-Pass, <u>not ELRAC</u>. Again, in accordance with the terms of the Rental Agreement, ELRAC billed your client based on the fact that ELRAC was billed for the toll violation that occurred during your client's rental period. Accordingly, we demand that you withdraw these misstatements or clarify these inaccuracies through a communication with the Court.

### 3. Any Representation That Mitchell Rait Was Not Involved in the *Rait v. Sears Roebuck and Co., et. al.* Lawsuit is False.

Finally, your Opposition contains misrepresentations regarding Mitchell Rait's involvement in a previous lawsuit filed against Sears. As you are aware, or should have been aware, while Melanie Rait was the named plaintiff in that prior lawsuit, the record in that case made it abundantly apparent that your client, Mitchell Rait, was the driving force behind the case and the claims against Sears. Any suggestion otherwise is false and misleading.

Mitchell Rait readily admitted during his deposition that he was directly involved in all aspects of the Sears lawsuit, from the selection and purchase of the product at issue, to scheduling and attending the warranty repair, to the retention of counsel and preparation of discovery responses. Indeed, he also confessed that he made the surreptitious audio recording of the Sears technician during the single repair visit, which was transcribed by a secretary at his law firm, Budd Larner, and that this was done with an eye toward filing a lawsuit. Mr. Rait also admitted at his deposition to placing solicitations for other putative class members on a number of consumer complaint and related websites.

Lisa R. Bouckenooghe, Esq.
March 22, 2017
Page 3

His wife, Melanie Rait corroborated this testimony at her deposition and confirmed that she had no involvement in the Sears litigation, beyond purchasing the product at issue. In light of this sworn testimony, any suggestion that Mr. Rait had no knowledge or involvement in that prior suit is baseless, unwarranted, and can only have been asserted to mislead the Court.

* * * *

In light of the forgoing, we ask that you review this letter with your client and advise us by Friday, March 24, 2017 whether you will withdraw the portions of your Opposition identified above or, if not, why you continue to believe that the papers you have filed on behalf of your clients comply with Rule 11. If the identified portions of the Opposition are not withdrawn, and if you do not provide us with a proper basis for continuing to advocate the contentions in those portions of the pleadings, ELRAC will seek Court intervention through all available means and remedies.

Very truly yours,

Edward J. Fanning, Jr.

ME1 24433382v.3

# EXHIBIT B



DiSabato & Bouckenooghe LLC
4 Hilltop Road
Mendham, New Jersey 07945

PHONE: 973.813.2525 | FAX: 973.900.8445 | WWW.DISABATOLAW.COM

December 22, 2016

*[CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO FEDERAL RULE OF EVIDENCE 408]*

**(VIA E-MAIL)**
Edward J. Fanning, Esq.
McCarter & English, LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102

    Re:    **Mitchell Rait, on behalf of himself and all others similarly situated v. Enterprise Holdings Inc. d/b/a Enterprise Rent-a-Car et al.
Case No. 2:16-cv-08138-MCA-MAH**

Dear Mr. Fanning:

    I write in response to your letter of December 13, 2016. As an initial matter, our client has confirmed that your client executed an unauthorized transaction in his Visa account on December 2, 2016. We were surprised to learn of that contact with our client after the filing of Mr. Rait's lawsuit, and we question whether it was appropriate for your client to initiate a credit transaction without Mr. Rait's specific authorization. Putting that aside, to the extent that your client's transaction is intended as a settlement offer, or as a device designed to undercut Mr. Rait's standing, please be advised that it is rejected.

    In my December 6th letter, I asked you to please identify any facts in your possession that contradict the facts alleged in Mr. Rait's Complaint. Specifically, Mr. Rait alleges that: (1) his EZ Pass tag registered as having paid the toll at issue; (2) your client charged him $27.00 for the same toll; (3) he contacted your client to dispute the charge and, on September 4, 2015, faxed proof of the EZ Pass payment to Enterprise; (4) in his discussions with Enterprise, he was told that "this happens all the time"; and (5) despite Mr. Rait's providing proof to Enterprise that the toll had been paid through Plaintiff's EZ Pass tag, your client did not refund Plaintiff the $27.00 charged to his credit card.

    Mr. Rait is in possession of evidentiary support for each of the foregoing factual contentions. While reserving all rights, we can disclose that Mr. Rait will produce in discovery proof that his EZ Pass was charged for the toll at issue; that your client assessed a $27.00 charge for the same toll; that he contacted your client and faxed proof of his EZ Pass payment to Enterprise; that he was told "this happens all the time"; and that he did not receive the refund to which he was entitled.

The facts of the Complaint support the causes of action alleged and are warranted by existing law as set forth in the Complaint. ████████████████████ we asked you to provide us with the results of whatever investigation your client has undertaken, your client's policies and procedures relating to the resolution of toll disputes, and anything that supports your assertion that Plaintiff's particular transaction is a "one-off." However, your December 13, 2016 letter does not refute any of the central facts alleged in the Complaint, nor does it provide any of the information requested. Although we are happy to engage in a good faith exchange of information and documents ████████████████ we view that route as a mutual undertaking.

████████████████████████████████████████ and suggest that we agree to exchange limited preliminary discovery. ████████████████████ we will produce the documents outlined above that support each of Mr. Rait's allegations in exchange for the documents that we have requested from your client.

We look forward to hearing from you and to discussing this matter further at your convenience.

Very truly yours,

Lisa R. Bouckenooghe